Good morning, everyone. Before we begin our oral argument docket, Judge Berzon and I would like to welcome Judge Higginson from the Fifth Circuit, and thank you very much for helping us with our busy docket. We appreciate it. Also, two cases are submitted on the briefs at this time. Those are United States v. Swan and Cardona Sanchez v. Barr. And with that, we'll begin oral arguments in the order of the docket, beginning with United States v. Sanchez-Espinosa. May it please the Court, thank you, Your Honor. If I could reserve two minutes of my time for rebuttal. You'll have to keep track of your own time. We'll try to honor that. Sounds good. Thank you. Your Honors, this is a criminal appeal from the District of his guilty plea conviction to conspiracy to distribute methamphetamine. The issue before the Court is whether the District Court deprived Mr. Sanchez of his right to counsel of choice when it twice denied his attorney's motions to withdraw. And I think based on the briefing that the Court has before it, the line of dispute is pretty clear between the parties. There was never a motion to withdraw. It was language in an affidavit, correct? Correct. It was a, I would characterize it as a request to withdraw within an affidavit, at least as to the first request. There were two requests in this case, Your Honor. And the District Court certainly treated those as requests by counsel to withdraw from the case. The real dispute is the government is arguing that these are not attributable to Mr. Sanchez, that these were garden variety motions to withdraw filed by his attorney. And, of course, we disagree with that for the reasons we stated in our briefing. And I'll address that in a little more detail in a second. Well, the affidavit, to the extent that's the appropriate document, says, at my client's behest. So it... Yeah, absolutely, Your Honor. I mean, I think that's... It's a little ambiguous whether that deals with everything after that phrase, but it certainly could be read that way. Yeah, and I think that's absolutely true, Your Honor. Did your client ever reiterate the request at any point in any hearing, orally? No, he did not, Your Honor. But again, we have to separate these two... The government kind of likes these together. But in either case, as to either alleged request... Correct. Did he ever say it orally? And did the District Court also at some point say, if you want to terminate counsel, put it in writing? And then there was never a writing request, was there? As to your second question, I believe the District Court withdrew it. But your argument is that counsel... Was that as to the first request or the second request that he said that? I think the first request, but I'm not sure. And we're dealing with the question of the court saying, follow up if you want to withdraw. I think that was after the first request, but I'm... And then what? It was very confusing because at some point, the District Court did rule as if there had been a motion. Yeah, so let me try to clarify this a little bit. The first request arose after counsel had requested that the court have a competency evaluation for his client. The court ordered that. And then quickly after that, this is when the affidavit was filed, Your Honor, in which the attorney highlighted how he and his client disagreed on this course of conduct. He didn't want to have his competency evaluation. And at the end of that affidavit, that's when the attorney says, if you're not going to change the venue of the evaluation from, I think, CTAC to the local county jail, then at my client's behest, I want to be out of this case because we have a breakdown in communication. So it sort of fed the... When did the District Court say you can make a formal request? Your Honor, I'm... Just say it. Right. I'm taxing my memory on this. That may have been when they actually had the hearing, which would have been after the second request, which was after the competency evaluation. The problem is at the first request, the District Court never had a hearing. Actually, it was on August 2nd, so that must have been at the time of the second request. Correct. Yeah. Yeah, the first one... So then did he ever make a formal motion the second time? He did not. They proceeded to sentencing at that point, but had been denied twice at that point. Well, no, that can't be right because he said, I'd like to make a motion to withdraw as counsel, and this was on August 2nd, and the judge said, let's see, then in the interim, you feel it's appropriate, you wish to withdraw as counsel, you can make a motion. So that was before the sentencing. Then was there a motion? There was not a motion after that, Your Honor, but there had been a previous request to withdraw. But there was only one in the end, rather than two. No, there were two. There was a guilty plea... There was the statement in the affidavit, and you're counting that as the first request? Correct, and the court ruled on it. And the second one is the oral request on August 2nd at the hearing? Thank you, Your Honor. Yes, that is exactly correct. But it was after that that the judge said, if you want to make a request, if you want to make a formal request. Right. After the second one, he basically said, you can follow up again if you want to, and no follow-up occurred at that point. It just looks to me like, as often, counsel and clients frequently have disagreement over competency. Does a defendant really want to be declared incompetent? So they have this sort of fractiousness, and then there's this request, this conditional request about, I want it done at the local jail. By the time they actually get in front of the judge, it looks like the defendant's saying, I just want to go to sentencing, and the judge says, okay, if you have a problem with your counsel, file it. And he doesn't. So my question to you is, it's a really thin and difficult record to squeeze out a Sixth Amendment request to terminate retained counsel. The judge would have to have looked through quite a bit to have gotten it. I agree, in the end, he intones, or she, the incorrect standard. So what's your thought on that? Are we going to announce a rule that is pretty Did district judges have to dig deep, deep down into motions for competency to see language that's conditional, to see that it's actually a motion to terminate retained counsel? Is that the rule we're going to announce? Well, I think, no, I think you wouldn't have to announce that rule. I think the court would have to look first, is this a retained attorney? Well, we know it was, and we do see... The district court didn't apply that. But that's because the language that the defense attorney gave them was, because the relationship will have broken down. So the defense attorney fed the district court the language that pertains to an appointed counsel. Correct. But, you know, my position would be it's the district court's obligation to know what the law is in that circumstance. But the other problem is that everybody here forgot that he was retained counsel from the first iteration and in the second iteration. And we know that both from the fact that the wrong standard, because the lawyer was reciting the wrong standard, too. He wasn't just not reciting the right standard, he was reciting the wrong standard. He was saying that the question was whether there was a breakdown in communications and so on. And moreover, the district court noted the difference, and nobody stood up at that point and said, oh, wait, this is actually retained counsel. Well, I think... Does that count as invited error? No, I don't think so, because what retained counsel said when he said there's a breakdown, he's just telling the court what's happened. Well, it could be one of two things besides that. One is an invited error, but the other is that the motion itself is conditioned upon the court's finding that there's actually been a sufficient breakdown. In other words, it was already conditioned on, please have the competency at the 80 County Jail. And then, oh, by the way, also it's conditioned on, you know, this breakdown in communications. So I guess that's my difficulty with it, whether it's so conditional that it doesn't get you all the way there. I don't think it was conditional on the breakdown part of that. And I'll just read what he wrote. He said, if the court is unable or unwilling to do this, and what he meant by that was change the venue, then at my client's behest, I move to have the competency hearing process delayed so that new counsel can assess the situation and to withdraw as counsel because the attorney-client relationship will have broken down. So the way I construe that, Your Honor, is if you're going to deny the request to change the venue, then I need out of the case. It just seems coercive. Why would we ever reward a defendant for telling a district judge, if you don't give me what I want, then you have to trigger these further proceedings? Again, Your Honor, the standard we're operating under, this defendant could just say, I want to fire my attorney. So he doesn't even have to give a reason to do that. He never did, though. He himself never said anything. Correct. As to this affidavit, he didn't have an opportunity because the judge ruled within a matter of days in writing. It never held a hearing. It didn't bring in the defendant and say, it didn't clarify the record at all. So I know the government is sort of castigating Mr. Sanchez for not developing a better record, but he didn't have an opportunity at this first one. Now, at the second one, he was present for that, and there was a hearing. You're down to less than a minute, if you want to save somebody a little time. Okay. Yes, Your Honor. Yeah, I do want to save just a little time for rebuttal. And again, I would just, I would encourage the Court to look at this as, again, this is not an appointed counsel for appointed counsel. This defendant didn't need any reason at all to discharge this attorney. And the case law is clear. We'd ask you to vacate and remand. Thank you. Good morning. May it please the Court. My name is Bryce Ellsworth, representing the United States. The District Court did not plainly err in this case when it denied the defendant's counsel's motions to withdraw. The defendant, in this case, consistently made it clear that his wishes were to proceed to sentencing. This case seems sort of simple to me. Defense attorney on behalf of client says, at my client's bequest, withdraw. District Court on 411 says, I deny that motion to withdraw using the improper legal standard. Why isn't it just fairly obvious we would just reverse because improper legal standard? I don't see that it's not preserved. It's right there in the motion is I want to withdraw at my client's request. Your Honor, the government's position is that it wasn't preserved because the defendant never asked to have his attorney terminated immediately. It was a condition based off of whether or not the Court would first cancel the compensation. But defendants speak through their attorneys. What case do you have that you have to perfect the Sixth Amendment by sort of interrupting your attorney and saying, I want that, too? If the lawyer says it's at his behest, that's always my understanding. What case do you have that doesn't preserve the error? Your Honor, the concern is that you have a case. I do not. Thanks. So if it's not plain error, what is our standard of review? It's abuse of discretion or something, or de novo, because it's a legal issue? It would be abuse of discretion, Your Honor. I think the case... Well, a legal error, by definition, is an abuse of discretion under Supreme Court precedent. So we determine de novo whether there's a legal error, and if there is, it's an abuse of discretion, correct? Yes, Your Honor, but I don't believe that applies in this case, because the Court does hear the first... It gets the first request, the conditional request for withdrawal from defense counsel at the same time in which it's supposed to consider whether or not the defendant needs a competency evaluation. The Court orders a competency evaluation because it believes it's appropriate and kind of kicks this down the road as far as having a hearing. Well, it didn't kick it down the road. It very specifically denied the motion to withdraw, didn't it? At that time, but it leaves it open for defense counsel to follow up, because it says at this time. Well, that's when he wanted it, then, not later. So he did deny it. It was denied, Your Honor, but at this time, the Court's also concerned about competency. To what? It was denied. He didn't allow them... I mean, the reason he gave for White to withdraw was to have another lawyer consider the competency question, and he said, no. That seems your weakest argument. And I understand that, Your Honor, but under these circumstances, the defendant's making clear that he wants the competency evaluation not to occur and he wants to proceed to sentencing, even at that time. But you're blurring two things, right? The district court entered a written ruling denying. Later, the guy says, I want to go to sentencing, but that's because he's heard his motion denied. Why would he say anything other than that? He's not going to convince the district court to change his mind. He can't blur the two and say he wants to go to sentencing when he originally said, I want to terminate counsel. But, Your Honor, I don't... The record doesn't actually reflect that he said, I want to terminate counsel. Well, his lawyer said, at my client's behest, I want to withdraw. I mean, there were words in between that about, you know, in what circumstance he wants to withdraw, but what is unclear about that? At my client's behest, I asked to withdraw. The unclear portion is the conditional portion of that, that the court... But the court understood what he was asking for and said no, correct? Yes. Okay. And I think the conditions in which it was requested was the court has a limited amount of time to get him transported for this competency evaluation. The defendant doesn't want delay, and yet there's these conditions that the defendant's inserting into his request that I think the court can't comply with both. But he definitely applied the wrong standard. Is that not lucid? No, that's very clear, Your Honor. So what's the difference if it was in a hurry or if it was conditional or anything else? The difference is that the court follows up later when the motion is renewed. And at that point, it's very clear that this isn't a motion where the defendant's requesting that his attorney withdraw. It's a request by the defense counsel to withdraw. That was a different request. The first request was stated to be at the client's behest. And I understand that, Your Honor, but the issue here, though, is because of the time constraints, the court does... Because of time constraints, it's okay to make a legal error? No, Your Honor. Suppose that initial request had simply said at my client's behest, I move to withdraw to give another lawyer a chance to look at this issue without making it conditional. He had an absolute right to have that granted, did he not? Yes, at that point. So the only question is whether this, you know, if you don't do X, then this request ripens into a present request. So why would that change the outcome? Your Honor, because it wasn't a direct request to the court. But the court understood it to be a direct request by ruling on it. But even under... If the court had ruled on this case under the correct standard, the court could have or should have denied it at that point because of the time constraints. Wait, wait, wait. I thought you said... I thought you agreed that he had an absolute right to have his counsel withdraw since it was retained counsel. Your Honor, if this would have been a direct motion to withdraw, not a motion that was to reconsider their request for a competency evaluation with a condition... So you're really relying on the title of the document that it's an affidavit and not styled a separate motion? Is that your point? No, Your Honor. In form over substance, it sounds like to me. It's the conditional nature of the request that the government's relying on in this case. But why does that matter when the condition was fulfilled? Because here they're asking that the defendant revoke the prior order for a competency evaluation. And only if the court's not willing to do that or change the venue are they then asking that at that time... Yes, but that... So if the defendant had gotten up personally himself and said, I don't want to do this competency hearing. And if you're going to make me do it, I want to have another lawyer. I'm going to fire my lawyer. Then what? I think at that point, the defendant's making a direct petition to the court. Oh, right. But it's just conditional. So at which were you relying on? The conditional or the fact that it was through counsel? Your Honor, I think it's different in this situation because it's not just one condition. There's two different conditions involved. It's after the defendant's already made the request for the competency evaluation. And the court had time constraints in which it's trying to get him transported to the right location. Tell me what the relevance of the time constraints is. The standard in regards to counsel of choice is not limitless. The one thing that the court... But he applied the wrong standard. It doesn't matter. If he had applied the right standard and said, you know, the time's really short and I just can't do it now, that would be different. But he didn't do that. Your Honor, but the standard that he's looking at... And I agree with the court. The court should have applied the right standard. Let me ask you something. Suppose we thought that there really was an improper denial of the right to fire or retain counsel. What would happen here? I mean, if it happened at the... The second one, it seems to me, is much more ambiguous because it does... It seems to me not clear that a motion... The district court seems to have said, well, his sentence isn't happening yet. If you want to actually make a motion to withdraw, you can make one and I gather none was made. So there was an argument that the second one never was actually denied. But the first one was clearly denied and under the wrong standard. So then what? Are we talking only about the sentencing? Yes. He'd already pled guilty at this point. So you'd have to redo the sentencing, basically. That's correct, Your Honor. I guess I've felt all along this is irrelevant to the which is likely to come out exactly the same way as the first time, regardless of who the counsel is. Agreed, Your Honor. I mean, if he was denied the right to counsel of his choice, we don't look at prejudice, but I do find it difficult to see where the prejudice lies. I know that's not necessarily relevant, but... And it's the government's position in this case that he never actually made a direct request from the court to have his counsel withdraw. The only request we get is a conditional request. Well, it doesn't matter that what... Although prejudice doesn't apply, life moved on after this. I mean, the condition was if you're unable or unwilling to have the evaluation in Ada County Jail. But as it turned out, that was the reason given for wanting a new it didn't happen. And now it's over. And all we would be dealing now was not with redoing where the competency hearing is going to be held, but the sentencing, which was really not part of the request. Correct, Your Honor. And the defendant at no time stated that he wanted a new attorney for purposes of sentencing when there was an actual hearing held after the competency evaluation. But you can hear us all struggling with relief. And I looked. His principal brief requests vacating sentence, but the reply brief says vacate remand judgment. Wouldn't it be true if, in fact, he vacated the sentence that they'd be back in the position where he could seek, he could move to withdraw his guilty plea? He could, Your Honor. So that may be what he's after. That could be. I'm not sure. Your Honor, I do see that my time has expired. Yes, it has. Thank you very much. Thank you. Mr. Durham, you have a little bit of time. 40 seconds, maybe. What is the relief you want? Just sentencing? Well, yes. I mean, I think it's a remand for resentencing. I do think you're correct, Your Honor, that if he wanted to pursue to withdraw his guilty plea for some reason, he could look into that. But didn't the denial happen after the guilty plea? Yes. So why could he move to withdraw the guilty plea when he had the lawyer he wanted at the time of the guilty plea? And I want to be clear. I'm not linking that to the issue before the court today. It may be some other issue that he believes that his plea was not voluntary or something along those lines. I see. But not because of the counsel motion? Correct. I'm just saying procedurally, that's where the case would be. And then why would he? There was nothing. First of all, as to the second request, the judge never actually denied it. He said, if you want to make a formal motion, go ahead and make a formal motion. Yeah. So it was never actually denied. Well, I would say without prejudice to reconsidering it. I mean, he said... Well, no, he didn't. You can make a formal motion if you want to, and he never does. So there's nothing to decide. Okay. Yeah. I mean, he orally asked to withdraw in front of the court. Right. But the judge didn't say no. The judge said, make a formal motion. I see this as a request to reconsider the previous motion. And he did say, if you want, you can make a formal motion. And he did not. I'm not disputing that. And there was time before sentencing and so on. Correct. So let's go back to the first one. As to the first one, it was conditioned on this question with regard to where they were going to do the competency. Mm-hmm. The judge said no, and they did the competency at the jail, and it's over. So the fact that it was conditional doesn't particularly bother me, except that it was conditional on something that then went ahead and happened. So even though there's ordinarily no prejudice question, this was linked up together. So what is the point at this point of reversing the sentencing when he could have made a request on the sentencing itself and didn't, when life's moved on with regard to the set condition? So my response to that would be, I think the government and I agree on one thing, is that the dispute here really was on whether to have this competency evaluation or not. The defendant did not want his competency evaluated. But in the request from counsel, he says, we're having this problem. He doesn't want to have his competency evaluated. At the very least, have it at the Ada County Jail. If you're not going to do that, I need to withdraw because our relationship has broken down. So I would suggest, counsel has said today there was a time issue here, that the train was leaving the tracks and the judge needed to have an order. But what the judge should have done, because a judge has a duty, if he has a bona fide doubt to competency himself, he has to order it regardless of whether the defendant wants it, defense counsel wants it, he has to order it. So he could have denied the request to change the competency order, ordered competency evaluation, and granted the motion for counsel to withdraw and appointed a new attorney. Thank you, counsel. You've exceeded your time and I think we understand your position. The case just argued is submitted and we appreciate the
judges: Graber, Berzon, Higginson